# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PERALTA, | Case No. 1:15-cv-01090 DLB PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| CORIZON HEALTH SERVICES, et al., | |
| Defendants. | |

## I. Screening Requirement and Standard

Plaintiff Michael Peralta, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 15, 2015. He consented to the jurisdiction of the Magistrate Judge on August 5, 2015.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

**II.    Discussion**

    **A.    Plaintiff's Allegations**

Plaintiff was incarcerated at the Fresno County Jail at the time the events giving rise to this action occurred. Plaintiff brings this action against the following Defendants: Corizon Health Services, Fresno County Jail, Dr. Horton, Dr. Anderson, and the Fresno County Jail Nursing Staff.

Plaintiff alleges as follows. On May 2, 2015, Plaintiff was booked into the Fresno County Jail. He informed the nurse interviewing him that he suffered from a heart condition and needed his medications and C-PAP machine. Around 1:30 a.m. that night, he began having chest pains and shortness of breath. He contacted a correctional officer and requested to go to the infirmary. He also requested his medication and C-PAP machine. His requests were denied.

At about 3:15 a.m., he became dizzy after being made to climb stairs to receive his morning meal. He advised the correctional officer that he had chest pains and was dizzy. He was

2

told to go sit down and eat.  Plaintiff remained in bed the entire day from May 3, 2015, through May 4, 2015, and did not get up for meals.

On May 4, 2015, Plaintiff suffered a heart attack and was taken to the jail infirmary and then transported to Community Medical Center where he received treatment. He was diagnosed with a nonischemic dilated cardiomyopathy with systolic heart failure.  He was advised he would need ongoing evaluations of his heart's ejection function approximately twice a week, and he would need a pacemaker implant over the next three months.

Since Plaintiff's return to Fresno County Jail, his ejection function has not been evaluated as directed, nor has he been given his medications as prescribed by the physicians at the hospital. He has submitted numerous medical requests but received no response.

Plaintiff further noted another instance which occurred on May 11, 2015.  Plaintiff was short of breath and had severe chest pains and advised the correctional officer he needed to go to the infirmary for his inhaler and heart medication (7 pills).  Plaintiff was told to get into the elevator and go to court.  After entering and exiting the elevator, his condition got worse and he informed the officer in the lobby that he was having a heart attack.  He requested medical attention but was denied.  He then passed out and was taken via wheelchair to the infirmary.

Plaintiff contends he was denied adequate healthcare in violation of his rights.  He requests he be given proper care, that he be evaluated by a cardiologist twice a week as prescribed, that he be evaluated by Dr. John Telles at Saint Agnes Medical Center for pacemaker implant, and that he be awarded damages due to negligence.

**B.     Linkage**

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Liability may not be imposed under a theory of *respondeat superior*, and some causal connection between the conduct of each named defendant and the violation at issue must exist. *Iqbal*, 556 U.S. at 676-77; *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-

75 (9th Cir. 2013); *Lacey v. Maricopa County*, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

In this case, Plaintiff fails to link Defendants Horton or Anderson to any alleged constitutional violation. To state a claim, Plaintiff must demonstrate that the defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77; *Simmons*, 609 F.3d at 1020-21. Therefore, Plaintiff fails to state a claim against Defendants Horton and Anderson.

In addition, Plaintiff cannot name the entire Corizon Health Services unit, Fresno County Jail, and Fresno County Jail Nursing Staff in general as Defendants. He must name the specific individuals who were involved in the denial of his rights.

Accordingly, Plaintiff fails to state a claim against any Defendant.

**C.  Medical Care**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds, Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014); *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d 1091, 1096 (9th Cir. 2006)). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." *Wilhelm*, 680 F.3d at 1122 (citing *Jett*, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. *Snow*, 681 F.3d at 985 (citation and quotation marks omitted); *Wilhelm*, 680 F.3d at 1122.

Plaintiff's allegations do not demonstrate that any Defendant acted with the requisite state of mind. Plaintiff does not allege how any particular Defendant acted with deliberate indifference to a serious medical need.

4

Plaintiff has therefore failed to state a deliberate indifference claim against any Defendant.

### III.     Conclusion and Order

For the reasons set forth above, Plaintiff's complaint fails to state any cognizable claims under section 1983. Plaintiff has not previously been provided with notice of the deficiencies in his claims and the Court will provide Plaintiff with the opportunity to file an amended complaint, if he believes, in good faith, he can cure the identified deficiencies. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the theory of mere *respondeat superior*, *Iqbal*, 556 U.S. at 676-77; *Starr*, 652 F.3d at 1205-07. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, *Lacey*, 693 F.3d at 907 n.1, and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint, not to exceed twenty-five (25) pages, excluding exhibits; and

///

///

///

5

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 18, 2016**               **/s/ Sandra M. Snyder**
                                      UNITED STATES MAGISTRATE JUDGE

6